**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: _____-Civ

CATHOLIC CHARITIES LEGAL
SERVICES, ARCHDIOCESE OF MIAMI,
INC.,

      Plaintiff,

      v.

FRANK BISIGNANO, in his official capacity
as Commissioner of the Social Security
Administration; and
UNITED STATES SOCIAL SECURITY
ADMINISTRATION.

      Defendants.

_____/

**COMPLAINT FOR INJUNCTIVE, DECLARATORY,**
**AND MANDAMUS RELIEF**

Plaintiff, Catholic Charities Legal Services, Archdiocese of Miami, Inc., by and through

undersigned counsel, files this Complaint for Injunctive, Declaratory, and Mandamus Relief, and

in support thereof, alleges as follows:

**JURISDICTION AND VENUE**

1.      This action is brought under the Freedom of Information Act (FOIA), 5 U.S.C. §

552, and the Administrative Procedure Act (APA), 5 U.S.C. §§ 701, *et seq*. against defendants

for violations of those statutes.

2.      This Court has jurisdiction under 5 U.S.C § 552(a)(4)(B) (FOIA), 28 U.S.C. §§

1331 (Federal Question), and 1346 (U.S. Government Defendant), and may grant relief pursuant

to 5 U.S.C. § 552 (FOIA), 5 U.S.C. §§ 702, 706 (APA), 28 U.S.C. § 2201-02 (Declaratory

Judgment Act), 28 U.S.C. §1361 (Mandamus Act), and 28 U.S.C. §1651 (All Writs Act).

1

3.     Venue is proper in this district under 28 U.SC. § 1391(e)(1)(B) because "a substantial part of the events or omissions giving rise to the claim[s]" occurred in this district; and under 5 U.S.C. § 552(a)(4) because the plaintiff resides and conducts business in this district.

**PARTIES**

4.     Catholic Charities Legal Services, Archdiocese of Miami, Inc. (CCLS), is a nonprofit organization that provides professional legal services to South Florida's refugee and immigrant community, particularly to low-income clients. Services include filing documents and providing attorney representation to noncitizen clients before the Social Security Administration, the Florida Department of Children and Families (FL DCF), U.S. Citizenship and Immigration Services (USCIS), U.S. Immigration and Customs Enforcement (ICE), U.S. Customs and Border Protection (CBP), the Executive Office for Immigration Review (EOIR), the Board of Immigration Appeals (BIA), the Administrative Appeals Office (AAO), and Florida Family and Juvenile Courts.

5.     CCLS is incorporated in Florida, with its principal place of business and operation in Miami, Florida, and its business is regularly conducted in Miami, Florida. The FOIA request that is the subject of this complaint was made through its agent and executive director, Randolph McGrorty, who resides in, and conducts said business in Miami, Florida.

6.     CCLS' principal address is, and its business that is the subject of this complaint occurred at 1469 NW 13th Terrace, Miami, FL 33125.

7.     CCLS and its employees, staff, and clientele are harmed by the Social Security Administration's FOIA and APA violations because such violations adversely impact CCLS' ability to advise and represent its clients and delay CCLS from formulating and presenting legal challenges.

8. Defendant, Frank Bisignano, is the Commissioner of the Social Security Administration and therefore is the officer with ultimate custody over the records that are the subject of the FOIA request at issue in this complaint. As such, he is responsible for FOIA and APA violations alleged in this complaint.

9. Defendant, U.S. Social Security Administration (SSA), is the federal agency that is the custodian of the records which are the subject of the FOIA request at issue in this complaint. As such, it is responsible for FOIA and APA violations alleged in this complaint.

## STATUTORY FRAMEWORK

10. FOIA's basic purpose is to facilitate government transparency. It establishes the public's right to access all federal agency records unless such records may be withheld under one of nine narrowly construed FOIA exemptions. 5 U.S.C § 552(b)(1)-(9).

11. FOIA imposes simple, but rigorous, and strict deadlines on federal agencies when they receive a request for records under FOIA. The SSA is an agency of the federal government, and thus, required to produce requested records.

12. The statute provides that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any) and procedures to be followed, shall make the records promptly available to any person." *Id*. § 552(a)(3)(A).

13. An agency must determine whether to disclose responsive records and notify the requestor of its determination within twenty business days of receiving the request. *Id*. § 552(a)(6)(A)(i).

14. FOIA places the burden on the agency to prove that it may withhold responsive records from a requestor. *See id*. § 552(a)(4)(B).

15.     Congress has specified limited circumstances in which federal agencies may obtain more time to make the determination that they are required to make under 5 U.S.C. § 552(a)(6)(A)(i).  Predictable agency workload is not a lawful justification. *Id*. § 552(a)(6)(C)(i)-(ii).

16.     An agency may toll the twenty-business day limit for up to ten additional working days where the agency establishes that certain "unusual circumstances" are present. *Id*. § 552(a)(6)(B). In such case, the time limit "may be extended by written notice" that sets forth the "unusual circumstances" at issue and the date by which the agency expects to make the determination. *Id*. § 552(a)(6)(B)(i); *see* 20 C.F.R. § 402.60(b).

17.     With respect to such an extension, however, the agency must provide the requestor "an opportunity to limit the scope of the request so that it may be processed within" twenty-business days or "an opportunity to arrange with the agency an alternative time frame for processing the request or modified request." 5 U.S.C. § 552(a)(6)(B)(ii).

18.     The SSA's FOIA regulations reiterate the twenty-working day statutory time limit for determining a properly filed FOIA request. *See* 20 C.F.R. § 402.60(b). For "any request that cannot be completed within 20-working days due to the complex nature of the request," it is to be placed into a complex processing queue. 20 C.F.R. § 402.60(c)(2). In that case, SSA will "make good faith efforts to notify requesters in writing if it is necessary for [SSA] to take additional time to process a request and of the requester's right to seek dispute resolution services with the Office of Government Information Services." *Id*.

19.     FOIA does not allow for the assessment of fees when an agency has failed to comply with the statutory time limits. 5 U.S.C. § 552(a)(4)(A)(viii)(I).

20.     FOIA requires federal agencies to expeditiously disclose requested records and

mandates a policy of broad disclosure of government records. Any inquiry under FOIA brings with it a strong presumption in favor of disclosure.

21. The U.S. district courts have jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id*. § 552(a)(4)(B).

22. Alternatively, an agency's responses to a FOIA request are subject to judicial review under the APA, which confers the right of judicial review on any person who is adversely affected by agency action. 5 U.S.C. § 702. District courts are authorized to compel agency action that is unlawfully withheld or unreasonably delayed. *Id*. § 706(1). District courts must set aside any agency action that is found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id*. § 706(2)(A).

23. When an agency fails to comply with FOIA's time limits, the requester is deemed to have exhausted administrative remedies and can seek immediate judicial review, even though the requester has not filed an administrative appeal. 5 U.S.C. § 552(a)(6)(C)(i); s*ee, e.g.*, *Pollack v. DOJ*, 49 F.3d 115, 118-19 (4th Cir. 1995) ("Under FOIA's statutory scheme, when an agency fails to comply in a timely fashion with a proper FOIA request, it may not insist on the exhaustion of administrative remedies unless the agency responds to the request before suit is filed."); *Pinson v. DOJ*, 145 F. Supp. 3d 1, 10 (D.D.C. 2015) (finding constructive exhaustion as to some of plaintiff's claims due to agency's failure to respond to certain requests before requester filed suit); *Accuracy in Media, Inc. v. NTSB*, No. 03-0024, 2006 WL 826070, at *6 (D.D.C. Mar. 29, 2006) (finding constructive exhaustion because plaintiff filed its FOIA Complaint seven months after NTSB received its request and before NTSB complied with it); *Hall v. CIA*, No. 04-0614, 2005 WL 850379, at *2 and n.6 (D.D.C. Apr. 13, 2005) (finding

constructive exhaustion where plaintiff filed suit prior to CIA's belated response to his request).

24.     In sum, FOIA requires federal agencies to expeditiously disclose requested records and mandates a policy of broad disclosure of government records. Any inquiry under FOIA brings with it a strong presumption in favor of disclosure.

## FACTUAL ALLEGATIONS

25.     On January 14, 2025, CCLS prepared and mailed a FOIA request to the defendants. (Exhibit A, "FOIA Request").

26.     Defendants received the request on January 22, 2025. (Exhibit B, "Mailing Receipt").

27.     CCLS requested records from SSA concerning how the agency determines noncitizen eligibility for Title II and Title XVI programs. This includes information about the internal procedures and policies that SSA follows, the documentation required for noncitizen applicants, and, in particular, the requirements and processes applied to Cuban/Haitian Entrants.

28.     By email dated January 31, 2025, defendants acknowledged receipt of CCLS's request and provided that "[f]or most non-expedited simple requests, we make a determination about release of the record(s) within 20 business days" and that "any request that cannot be completed within 20 business days due to unusual circumstances" would be placed into a complex processing queue. (Exhibit C, "SSA Receipt of FOIA Request 2025-FOIA-00878"). The email included contact information, should the requestor need to correspond regarding the request. (Exhibit C, "SSA Receipt of FOIA Request 2025-FOIA-00878").

29.     On April 8, 2025, CCLS sent SSA an email to the provided contact address inquiring as to when it could expect a response to its FOIA request. (Exhibit D, "First Email to SSA FOIA Liaison"). CCLS received no response to that email.

30.     On April 29, 2025, CCLS sent SSA a follow up email again asking when it could expect a response, and noting that more than twenty business days had passed since CCLS filed its request. (Exhibit E, "Second Email to SSA FOIA Liaison"). CCLS never received a response to that email.

31.     Defendants did not invoke any ground for an extension of the mandatory twenty business day deadline established by statute.

32.     As of the date of the filing of this complaint, CCLS has received no response to its FOIA request, nor any other correspondence from the defendants apart from the acknowledgement email dated January 31, 2025.

33.     As of the date of the filing of this complaint, approximately ninety-eight business days have elapsed since CCLS' FOIA request was received by SSA on January 22, 2025.

## COUNT I

### Violation of FOIA: Failure to Comply with Statutory Deadlines

34.     The allegations in paragraphs 1-33 are realleged and incorporated herein.

35.     Defendants have failed to make a determination regarding CCLS's FOIA request, and have, therefore, violated the deadline under 5 U.S.C. § 552(a)(6)(A)(i).

36.     CCLS has constructively exhausted all applicable administrative remedies as a matter of law under 5 U.S.C. §552(a)(6)(C)(i).

## COUNT II

### Violation of the APA: Unreasonable Delay and Failure to Adjudicate

37.     The allegations in paragraphs 1-33 are realleged and incorporated herein.

38.     The actions of defendants relating to CCLS' FOIA request have caused unlawful, unreasonable delay in the adjudication of the request for agency records under the FOIA and

7

constitute agency action unlawfully withheld in violation of the APA.

39.     Pursuant to 5 U.S.C. §§ 702, 706(1), CCLS is entitled to declaratory and injunctive relief to "compel agency action unlawfully withheld or unreasonably delayed."

## COUNT III

### Petition for Writ of Mandamus

40.     Alternatively, CCLS is entitled to mandamus relief to compel a response to its FOIA request because: (1) the defendants have a nondiscretionary, ministerial, clear duty to produce the requested records; (2) CCLS has a clear right to the production of the requested records; and (3) there is no other adequate remedy available to CCLS.

### PRAYER FOR RELIEF

WHEREFORE, the plaintiff prays that this Honorable Court grant the following relief:

(a)     Assume jurisdiction over this matter;

(b)     Declare that defendants have violated FOIA by failing to timely make a determination on CCLS' requests for agency records;

(c)     Compel defendants to immediately make a determination on CCLS' requests for agency records under FOIA;

(d)     Declare that defendants have violated the APA by unlawfully and unreasonably delaying its adjudication of CCLS' request for agency records;

(e)     Declare that defendants have violated the APA by unlawfully withholding agency action with respect to CCLS' request for agency records;

(f)     Compel defendants to immediately make a determination on CCLS' request for agency records under the APA;

(g)     Grant CCLS a writ of mandamus ordering defendants to immediately make a

determination on CCLS' requests for agency records;

(h)     Retain jurisdiction to permit CCLS to amend its pleadings should defendants seek to invoke exemptions or exceptions under FOIA because CCLS has constructively exhausted its administrative remedies;

(i)     Retain jurisdiction over this case to ensure compliance with all of this Court's orders;

(j)     Award costs, and attorney's fees under the 5 U.S.C. §552(a)(4)(E)(i), and on any other basis justified under law; and

(k)     Grant any other and further relief that the Court deems just and proper.

Dated: June 11, 2025

**/s/ Heather Odell**
HEATHER ODELL
Fla. Bar No. 1049901
Catholic Charities Legal Services
Archdiocese of Miami, Inc.
1469 NW 13th Terrace, Suite 100
Miami, FL 33125
o. 305-786-3620
c. 754-444-7305
hodell@cclsmiami.org

**/s/ Ada Mena**
ADA MENA
Fla. Bar No. 1007690
Catholic Charities Legal Services,
Archdiocese of Miami, Inc.
1469 NW 13th Terrace, Suite 100
Miami, FL 33125
o. 786-773-5090
c. 305-898-2385
amena@cclsmiami.org

**/s/ Rebeca Sanchez-Roig**
REBECA SANCHEZ-ROIG
Fla. Bar No. 0858587
Catholic Charities Legal Services
Archdiocese of Miami, Inc.
1469 NW 13th Terrace, Suite 100
Miami, FL 33125
c. 786-514-2191
rsanchezroig@cclsmiami.org

**/s/ Joseph Kano**
JOSEPH KANO
Fla. Bar No. 0106423
Catholic Charities Legal Services
Archdiocese of Miami, Inc.
1469 NW 13th Terrace, Suite 100
Miami, FL 33125
c. 520-270-5691
jkano@cclsmiami.org

*Counsel for the Plaintiff*

9